UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO SANCHEZ-RAMIREZ,<br><br>Defendant. | CR-10-6041-FVS-1<br><br>**ORDER DENYING MOTION TO VACATE** |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to vacate his sentence and resentence him.

**BACKGROUND**

The defendant pleaded guilty to the crime of possession with intent to distribute a controlled substance. He had only one prior conviction, *viz.*, Driving Under the Influence. The Court assigned one point to the DUI conviction. To this, the Court added two points because the defendant was on probation when he committed the federal drug trafficking offense. Thus, the defendant had

Order ~ 1

accumulated a total of three points, which placed him in criminal history category II.  Given the fact his adjusted offense level was 36, he faced a guideline range of 210 to 262 months in prison.  After reviewing the relevant factors, the Court sentenced him to the low end of the range.  There matters stood until the Sentencing Commission adopted Amendment 782.  Based upon the authority conferred by that amendment and 18 U.S.C. § 3582(c)(2), the Court resentenced him to a term of 168 months in prison.  Not content with the reduction granted by the Court, he now seeks resentencing on the ground his criminal history score is incorrect.  According to the defendant, the Court may grant relief under 28 U.S.C. § 2255.

**RULING**

The defendant is not entitled to resentencing.  To begin with, a motion to vacate is not a substitute for a direct appeal.  *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1588, 71 L.Ed.2d 816 (1982).  Since the defendant did not challenge his criminal history score during the course of his direct appeal, and since he has made no effort to justify his failure to do so, he is precluded

Order ~ 2

from raising the issue in a collateral proceeding.  But that is not the only obstacle.  This is the defendant's second § 2255 motion.  (ECF No. 170.)  He must obtain permission from the Ninth Circuit before again seeking relief under that statute.  28 U.S.C. § 2255(h).

**IT IS HEREBY ORDERED**:

The defendant's motion to vacate (**ECF No. 194**) is **denied**.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to file this Order and furnish copies to the defendant and to counsel for the United States.

**DATED** this 31st day of March, 2016.

s/Fred Van Sickle<br>
FRED VAN SICKLE<br>
Senior United States District Judge

Order ~ 3